UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 17, 2015

LETTER TO COUNSEL

      RE:    *Vera F. Chase v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-4009

Dear Counsel:

      On December 24, 2014, Plaintiff Vera F. Chase petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Chase filed a claim for benefits on August 8, 2011, though she eventually amended her disability onset date to December 25, 2011. (Tr. 147-55, 167-68). Her claim was denied initially and on reconsideration. (Tr. 104-09). A hearing was held on September 4, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 32-70). Following the hearing, the ALJ determined that Ms. Chase was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-26). The Appeals Council denied Ms. Chase's request for review. (Tr. 1-4). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Chase suffered from the severe impairments of "diabetes, anxiety and facture of lower limb."[1] (Tr. 12). Despite these impairments, the ALJ determined that Ms. Chase retained the residual functional capacity ("RFC") to:

> perform less than a full range of sedentary exertional work as defined in 20 CFR 416.967(a) except for the following limitations. The claimant could lift and carry 10 pounds, occasionally, and the claimant could lift and carry less than 10 pounds, frequently. Within an 8-hour workday, the claimant [sic] stand/walk for 2 hours and sit for 6 hours. The claimant could push and/or pull, including the operation

---

[1] The ALJ never explains what he means by "facture of lower limb," although the term is used repeatedly throughout the opinion. The record reflects that Ms. Chase sustained a "fracture of her right foot in 2000, for which she was surgically treated." (Tr. 13). It thus appears that the term "facture" is simply a typographical error, though repeated numerous times.

      of hand and/or foot controls, as much, as she can lift and carry, but she may only occasionally use foot controls. On an occasional basis, the claimant could balance, stoop, kneel, crouch, crawl and climb ramps and stairs. The claimant should perform no climbing of ladders, ropes, and scaffolds. On an occasional basis, the claimant could be exposure [sic] to the extreme cold, humidity, wetness, dust, odors, fumes, pulmonary irritants, unprotected heights, and moving mechanical parts. The claimant retains the ability to understand, remember and carry out simple instructions. On an occasional basis, the claimant could interact with coworkers. The claimant should have no interaction with the public.

(Tr. 17-18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chase could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 25-26).

      On appeal, Ms. Chase raised two arguments: (1) that the ALJ's analysis did not comport with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ erred in analyzing the GAF score assigned by her treating psychiatrists. Both arguments are meritorious, and the ALJ's opinion is also rife with other errors, some substantive in nature. Remand is therefore warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Chase was not entitled to benefits was correct or incorrect.

      First, in addition to the two arguments Ms. Chase noted, the ALJ's step two and step three analyses are substantively deficient. At step two, the ALJ provided an extremely lengthy recitation of the medical evidence, which is atypical for a Step Two analysis. (Tr. 12-15). Within that analysis, the ALJ mentioned that Ms. Chase had been diagnosed with migraines and COPD, but did not perform any analysis to determine whether those impairments were severe or non-severe. It appears that the ALJ may have considered Ms. Chase's COPD, because he limited her exposure to dust, odors, fumes and pulmonary irritants, but he did not expressly reference COPD at any point in the RFC analysis. To the contrary, in that section of the opinion, the ALJ persistently repeated that he was considering "disabling limitations from diabetes, anxiety and facture of lower limb," thus implying that he was not considering the impact of any non-severe impairments. (Tr. 23, 24, 25). Due to the failure to address migraines or COPD at Step Two and failure to consider those impairments in the RFC assessment, whether severe or non-severe, remand is warranted.

      At step three, the ALJ erred in application of the special technique for evaluating mental impairments. That technique is set forth in 20 C.F.R. § 404.1520a; *Robbers v. Comm'r of the Soc. Sec. Admin.*, 582 F.3d 647, 652–54 (6th Cir. 2009); *Kohler v. Astrue*, 546 F.3d 260, 265–66 (2d Cir. 2008) (citing *Schmidt v. Astrue*, 496 F.3d 833, 844 n. 4 (7th Cir. 2007)). The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent

findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

Although the ALJ outlined the special technique, inadequate analysis was provided. After three paragraphs summarizing some of the notes from mental health evaluations, the ALJ simply stated the degree of functional limitation in each area, with no citation to the evidence of record or explanation of the reasons for each finding. (Tr. 17). In light of the complete failure of explanation, remand is warranted for an adequate application of the special technique.

Turning to the arguments raised by counsel, remand is also appropriate due to a violation of *Mascio*. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein[2] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer

---

[2] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

As noted above, in this case, the ALJ conclusorily asserted that, "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (Tr. 17). The preceding paragraphs contained summaries of certain medical evidence, without relating the evidence cited to any of the specific functional areas in question. The only sentence arguably related to concentration, persistence, or pace is, "The claimant displayed good abstract and concentration abilities." (Tr. 16). After concluding, without any explanation, that the evidence established a moderate limitation in concentration, persistence, or pace, the ALJ imposed no specific concentration-related limitations in the RFC assessment, other than noting that Ms. Chase "retains the ability to understand, remember and carry out simple instructions." (Tr. 17-18).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[3] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Chase's RFC to "simple instructions" (which is analogous to unskilled work) accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. In fact, there is nothing in the ALJ's step three explanation to suggest why the ALJ found Ms. Chase to have "moderate difficulties" in the first place. Ultimately, then, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Chase to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in her RFC assessment. In

---

[3] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Finally, I concur with Ms. Chase that the ALJ erred in describing her GAF score of 50 to reflect "moderate mental limitations." Pl. Mot. 7-8. While, standing alone, that error may not have forced a remand of the case, in light of the substantive deficiencies addressed above, remand is warranted.[4]

For the reasons set forth herein, Ms. Chase's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

           Sincerely yours,

           /s/

           Stephanie A. Gallagher
           United States Magistrate Judge

---

[4] The number of more minor typographical and grammatical errors throughout the opinion renders it impractical to list them all here. To provide just one example, the first sentence of the opinion suggests that Ms. Chase filed an application for benefits on August 8, 2011, alleging that she would become disabled beginning four months later, on December 25, 2011. (Tr. 10). That statement is obviously erroneous. Ms. Chase did not amend her onset date to December 25, 2011 until several years later. (Tr. 35).